## Reversed Epilepsy Cases (worse than mine)

G) It is my intention to show by example, that I did not knowingly or intentionally committ any alleged crimes, and that I am not the only person in the world with this condition such as officer Robert Rosney a policeman with my same condition. See (H)

H) In the case of Robert Rosney a police officer who shot and killed a (5) year old Black youth on November 25, 1976 on Thanksgiving Day. Officer Rosney was found not guilty (1) year later on November 30, 1977. They described his mental defect to a jury. He allegedly was suffering from a psychomotor or fura seizure, the same that I suffer from. Why should his case be any different than mine. The big difference is that he killed a (5) year old boy, and I caused no injury as stated by the complaintiants medical records and I quote: not treated for pain, no pain medication administered, negative x-ray, no efusion or scrapes. In fact, the complaintant in my case walked out of the hospitol minutes later with other police officers.

### MORE EXAMPLES

I) AKE v. OKLAHOMA, 470 U.S. 68; 105 S.ct. 1087, 84 L.E.D. 2d 53 U.S. 1985

The petitioner was convicted of murder. He appealed his conviction, claiming that the state should have provided him with access to a psychiatrist in order to prepare his defense of insanity. The Court of Appeals affirmed his conviction. On review, the Court determined that when a state brought its judicial power to bere on an indigent defendant in a criminal proceeding it was required to take steps to assure that the defendant had a fair opportunity to present a defense of insanity to the murder charges. The Court found that the state had ample notice that petitioner intended to present a defense of insanity to the murder charges against him. Due process required that the state provide petitioner with access to a psychiatrist both to assist in the preperation of his sanity defense to the charges and in any sentencing proceedings. Petitioners murder conviction was therefore reversed and remanded for a new trial.

1) My argument is with the inconsistency of judges and district attorneys adhering to fundamental law. If someone states mental illness, it is protocol to afford the defense with an expert witness who can validate a condition, and not just write it off as inadmissable. For instance, like in the case with People v. Graham, 272 A.D.2d 479, 708 NYS 2d 336 N.Y.A.D 2000. He was sentenced in 1996 for (2nd Degree) murder of his girlfriend. His attorney failed to engage in elementary inquiry as to his long standing serious mental condition.

The Supreme Courts Appellate Division (2nd Circuit) stated, since he was able to testify during proceedings and appeared coherent and understanding during the trial, that his claim was without merit. Mr Grahams argument was not referring to his competency during the trial, instead he referred to his competency during the event of the crime of which he was convicted. Many mental conditions are temperal and sometimes last only minutes or hours at a time, while the rest of the time they may seem normal such as in cases like epilepsy.

Mr. Graham (1 year) later took his case to the Eastern District Court where a Judge Jack B Weinstein resided. Graham v. Portuondo 01 CV6911. Judge Weinstein showed prejudice, whether through ignorance or blatant non compliance to law by denying his petition and ruling that his trial lawyer (Mr. Meadows) showed or excercised a sound strategic decision in not calling a defense psychological witness. The U.S. Court of Appeals (2nd Circuit) then remanded the case to Judge Weinstein of the Eastern District Court, therefore, twisting his arm, so to speak, forcing him to comply with the law and order a release of Graham if the District Attorneys Office did not respond within (60 days).

Incidentally, the District Attorneys Office never did respond and Mr. Grahams attorneys appointed by the District Court brought in extensive records of an ongoing mental illness.

My argument againis, had Mr. Grahams attorney and the Courts and District Attorneys Office complied with fundamental law, Mr. Graham would not have spent years behind bars only to result inevitably innocent due to his mental disease or disorder.

k) People v. Higgins, 5 N.Y. 2d 607, 159 N.E. 2d 179, 186 N.Y.S. 2d 623; N.Y. 1959

Defendant, an epileptic, was convicted of murder in the (1st degree) and sentenced to death. He was charged with striking the decedent's face and head with a hammer at least (19) times while they were seated together in the rear seat of his automobile. He entered a plea of not guilty with specifications of insanity. He sought to establish at the trial that at the time of the homicidal assault on decedent he was in the throes of an epileptic rage or furor attack, and consequently was laboring from such a defect of reason as not to know the nature and quality of the act or that it was wrong. The court found that on the basis of the expert testimony and other evidence in the record, the weight of the evidence supported the view that the defendant was physically capable of picking up the homicide weapon and inflicting the deadly blows upon decedent during an epileptic furor attack. The weight of the evidence also supported the view that the defendant was capable, during the post-epileptic confusional state following such an attack, of returning to the front seat of the car and driving it to the street where he disposed of the body. Thus the court reversed the conviction.

With all of these cases, especially the last People v. Higgins, people were able to function on an automated plane of consciousness during a postictal state of a seizure, and they were all murders. My case where NO INJURY according to medical reports were sustained is assumed farfetched by the District Attorney. We all know how ridiculous that sounds, which is why my motion to dismiss or to set aside conviction should stand. I am requesting release, as did the mistaken murderers. I am claiming wrongful imprisonment and violation of my 14th Ammendment right is which how it occurred. If not released I wish the courts to session a new trial within 60 days from now as done in the case of People v. Graham letter (J) in this brief.

*[handwritten at top:] PROOF OF MALICIOUS PROSECUTION*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 92
------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK    Post judgment decision
                                       Ind. Nos. 3991/10
           -against-                           5135/11

DENNIS WATKINS.
------------------------------------------------------------------X
NUÑEZ, J.: *(JUDGE Nuñez)*

    Following a jury trial on two consolidated indictments, the defendant, who represented himself pro se, was convicted on June 15, 2012 of two counts of Assault in the Second Degree, PL 120.05(3), one count of Resisting Arrest and two counts of Disorderly Conduct. He was sentenced to five years concurrent on the assault convictions with five years of post release supervision and time served on the remaining counts.

    The defendant has now made nine pro se applications, variously described as motions to vacate the verdict pursuant to CPL 440.10 and CPL 330.30, a motion for an evidentiary hearing, a habeas corpus petition, a motion to dismiss on double jeopardy grounds and a motion to be relocated from an upstate correctional facility to a county jail in Manhattan.

    The motion to vacate the verdict pursuant to CPL 330.30 dated February 5, 2013 is denied as untimely since such a motion must be made before sentence. The claims contained in this motion are repeated in other motions and will be addressed nevertheless.

    The post judgment motions pursuant to CPL Article 440, dated November 13, 2012, December 16, 2012 (which the defendant also labels a habeas corpus petition), January 13, 2013, January 15, 2013, January 22, 2013 and an undated reply to the People's response are denied. There was ample evidence for a jury to conclude that the People had proven the defendant's guilt beyond a reasonable doubt. Testimony of witnesses and *medical records* admitted into evidence

*[handwritten annotations:]*
*→ A BLATANT LIE*
*1 OFFICER HAD NO MEDICAL RECORD*
*THE OTHER MEDICAL RECORD WAS*
*VOID OF INITIAL...*

*(MEDICAL RECORD AVAILABLE FROM...)*

established physical injury under the two assault counts and testimony of witnesses established his guilt under the remaining counts.

The defendant claims that an assistant district attorney witness committed perjury and that the police witnesses fabricated their testimony. Those witnesses were thoroughly cross (UNTRUE) examined and any credibility issues were for the jury to determine. Whether the People proved the requisite mens rea was also an issue for the jury to determine.

Additionally, the defendant claims that the ~~trial assistant~~ DISTRICT ATTORNEY (A PURY ON WORKS WITH ASSISTANT) made derogatory statements within earshot of the jury in the hallway that served to taint the jury. The defendant's claim is erroneous and baseless. (IN THE MINUTES JUDGE NUÑEZ STATED I HAD APPEAL OPTIONS ON THIS ALLEGED) ERRONEOUS STATEMENT AS WELL AS A.D.A. CHANANES UNION STATEMENT.

The defendant alleges that the court failed to properly instruct the jury on physical injury and failed to submit a lesser included offense. The jury was properly instructed on the elements (REFUSED TO INSTRUCT ON PHYSICAL INJURY AND INTENT) of the assault charges including the element of physical injury. With respect to a lesser included offense, the defendant fails to set forth any facts or argument whatsoever to support his claim.

Another erroneous claim made by the defendant is that the court refused to admit into (SHE REFUSED TO ALLOW ME TO EVEN SPEAK ABOUT IT WITHOUT AN EXPERT.) evidence the defendant's own medical records. The court in fact admitted all medical records produced by the defendant even though they were uncertified and did not pertain to the date in question. The records were hospital records spanning several years of the defendant's visits for emergency treatment and did corroborate his medical condition and were available to the jury to examine. That the jury chose not to request them for their perusal during deliberations was their own choice and not the result of any misconduct by any party or court.

A claim of ineffective assistance of counsel is also made by the defendant who argues that he was incompetent to defend himself and the court should have ordered an examination pursuant to CPL 730 before allowing him to proceed pro se. The record shows that the defendant

*[handwritten left margin: I HAD TO MAKE A POLICE REPORT ON 1 OF THEM]*

*[handwritten top: THEY ALL MALICIOUSLY CONSPIRED WITH A.D.A. CHAVANIE'S REFUSING ME SANDOVAL HEARINGS, AND GRAND JURY]*

had numerous attorneys assigned to represent him, all of whom he accused of threatening, abusive and incompetent behavior and who he claimed were not acting in his best interests. They were relieved, in progression, from representing him and the defendant upon his own application was permitted to proceed pro se. Even an attorney appointed to act as his legal advisor at trial was accused of the same actions and asked to be relieved of the assignment. The defendant was adamant in insisting upon his right to self representation and post trial regrets do not entitle him to a vacatur of the verdict.

*[handwritten: WAS JUDGE FARBER'S IDEA AFTER I MADE THE POLICE REPORT ON THREATENING LAWYER]*

Nor was there reason to order a 730 examination. The defendant, who could at times be irascible, irritating and irrational (in his accusations against attorneys, police, prosecutors and judges), nevertheless did not display any behavior or tendencies warranting a mental competency examination. On the contrary, he presented his defense clearly to the jury: that he was in the throes of an epilepsy episode which was misunderstood and misperceived by the police officers and which prevented him from forming the requisite mens rea. To that end, he cross examined witnesses and submitted his medical records. Based upon all the evidence in the case, the jury rejected his defense and found him guilty as was their prerogative.

The defendant asserts that the court erred in not granting his request for delay in order to procure the attendance of witnesses. There was no reason to believe that said witnesses would be available or had relevant testimony. He also asserts that the Sandoval ruling was unfair and improper. That was a matter for the court's discretion and was properly adjudicated.

*[handwritten right: WHERE SHE REFUSED MY DOCTOR'S TESTIMONY AND BY LAW SHE WAS SUPPOSED TO PROVIDE AN EXPERT WITNESS.]*

The remainder of the defendant's claims underlying his motions to vacate the verdict are baseless and/or irrelevant.

The defendant's motion dated February 10, 2013 for an evidentiary hearing fails to allege any facts nor any basis in law to support his request and is denied.

Finally, his motion, which is undated but was contained in an envelope stamped with the date February 19, 2013, is denied. He moves to dismiss the case on double jeopardy grounds in that the prior mistrial was a violation of double jeopardy guarantees and that the People failed to submit medical records for one of the complainants. Neither are grounds for dismissal. The prior trial resulted in a mistrial when the jury was unable to agree on a verdict. Failure to submit a medical report as evidence goes to the weight of the evidence. The jury considered that and nevertheless found the evidence sufficient to convict the defendant. In the same undated motion, the defendant requests relocation to another jail facility. Such a request is beyond the court's power to grant and is denied.

*[Handwritten annotation in left margin: "SHE IS DEFINING DOUBLE JEOPARDY"]*

*[Handwritten annotation below text: "TRYING ME A 2ND TIME ON THE SAME CHARGES IS IN ERROR AND VIOLATION OF MY 5TH AMENDMENT DOUBLE JEOPARDY PROTECTION."]*

Dated: March 7, 2013

New York, New York

PATRICIA NUÑEZ

MAR 20 2013

I hereby certify that the foregoing paper is a true copy of the original thereof, filed in my office.

County Clerk and Clerk of the Supreme Court New York County
OFFICIAL USE