UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
DENNIS WATKINS, :
                              Plaintiff, :
: 13 Civ. 2477 (LGS) (SN)
            -against- :
: OPINION AND ORDER
:
POLICE OFFICER JOSEPH MATARAZZO and :
the CITY OF NEW YORK, :
                             Defendants. :
X
------------------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 06/14/2016

LORNA G. SCHOFIELD, District Judge:

      Plaintiff, proceeding pro se, brings suit against Defendants pursuant to 42 U.S.C. § 1983 and New York state law alleging false arrest and excessive force. Before the Court is the Report and Recommendation of Magistrate Judge Sarah Netburn (the "Report"), recommending that Defendants' motion to dismiss be denied as to Rule 37(d) and granted under Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure, and that the case be dismissed with prejudice. For the reasons stated below, the Report is adopted in its entirety.

I. PROCEDURAL HISTORY

      The detailed procedural history is recounted in the Report and incorporated herein by reference. The following is a summary:

      This case was referred to Judge Netburn on September 9, 2014. On February 6, 2015, Defendants filed a motion to dismiss the operative complaint for failure to prosecute under Rule 41(b) because Plaintiff had refused to be sworn in, did not testify in the first person, and refused to answer deposition questions despite clear warnings and instructions from the Court. On March 11, 2015, Plaintiff wrote a letter to Judge Netburn saying that he understood he was

obligated to answer questions at his deposition. Based on this representation, on March 13, 2015, Judge Netburn denied as moot Defendants' motion to dismiss, with leave to renew if Plaintiff continued to refuse to answer questions at his second scheduled deposition. On April 22, 2015, Defendants attempted to depose Plaintiff a second time, but he again refused to be sworn in and to answer questions.

On April 29, 2015, Defendants filed a letter request to renew their motion to dismiss, which Judge Netburn granted. On May 29, 2015, Defendants filed a supplemental motion to dismiss for failure to prosecute under Rule 41(b) and for failure to appear at a deposition under Rule 37(d). After receiving objections from Plaintiff on September 4, 2015, Judge Netburn issued the Report on September 22, 2015. The Court granted Plaintiff an extension of time to file objections, and Plaintiff timely filed his objections to the Report on January 20, 2016.

## II.  LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (internal quotation marks omitted) (citing Fed. R. Civ. P. 72(b)). The court must undertake a de novo review of any portion of the report to which a specific objection is made on issues raised before the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). The court may then accept, reject, or modify in whole or in part recommendations of the magistrate judge. *Trs. of the Mason*

*Tenders, Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Faulkner*, 484 F. Supp. 2d 254, 257 (S.D.N.Y. 2007) (citing *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

A court may dismiss an action for failure to prosecute under Rule 41(b) if the plaintiff fails to meet his obligation to prosecute his case diligently. *See* Fed. R. Civ. P. 41(b); *Lyell Theatre Corp. v. Lowes Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

A court can also sanction a party, which may include dismissal of the action, for failure to obey a discovery order under 37(b). *See* Fed. R. Civ. P. 37(b)(2)(A)(v). Although pro se litigants are "generally entitled to 'special solicitude' before district courts," they are "not immune to dismissal as a sanction for noncompliance with discovery orders." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir.2006)). "Dismissal of a *pro se* litigant's action may be appropriate 'so long as a warning has been given that non-compliance can result in dismissal.'" *Id.* (quoting *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994)).

Dismissal is also a possible sanction under Rule 37(d), when a party fails to appear at his own deposition. Fed. R. Civ. P. 37(d). However, this rule is applicable only if a party fails

physically to appear at his own deposition. *See Salahuddin v. Harris*, 782 F.2d 1127, 1131 (2d Cir. 1986) ("'Failure to appear' is strictly construed in this Circuit and only occurs where a deponent 'literally fails to show up for a deposition session.'") (quoting *SEC v. Research Automation Corp.*, 521 F.2d 585, 588-89 (2d Cir. 1975)).

### III.    DISCUSSION

Familiarity with the underlying facts, as presented in the Report, is assumed.  The Report is adopted in its entirety, including the recommendation to dismiss the case with prejudice under Rules 41(b) and 37(b).  Plaintiff has repeatedly refused to obey Court orders, obstructed Court warnings by talking over the presiding judge, declined to be sworn in at his depositions and refused to answer questions.  Such interference with the legal system constitutes a failure to prosecute a case diligently, and failure to obey a discovery order.  *See* Fed. R. Civ. P. 37(b)(2)(A)(v), 41(b); *Agiwal*, 555 F.3d at 302; *Lyell*, 682 F.2d at 43.  Plaintiff's objections to the Report are addressed below.

Plaintiff, writing in the third person and under the pseudonym "John Peter Public," objects to Judge Netburn's rulings.  Referring to Judge Netburn as "Minister," he cites to Rule 30(d) for support that he can refuse to answer deposition questions because he felt threatened and his privacy was not protected or respected.  Plaintiff is correct that he "may move to terminate or limit [the deposition] on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."  Fed. R. Civ. P. 30(d)(3)(A).  At both of his depositions, Plaintiff made such motion,[1] and Judge Netburn responded appropriately.

---

[1] Plaintiff did not specifically move under Rule 30(d), but "*pro se* plaintiffs should be granted special leniency regarding procedural matters." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

At the first deposition, which took place on December 19, 2014, Plaintiff refused to be sworn in. The parties called Judge Netburn, who explained to Plaintiff that he needed to be sworn in. Plaintiff continued to insist that he would not be sworn in, using threatening and abusive language towards the judge and defense counsel. The deposition ended when Plaintiff stated that if the questioning attorney would not swear in, "I won't swear in . . . I'm not obligated to -- I'm not legally bound in any way right now because nobody's sworn in."

At the second deposition, which took place on April 22, 2015, after Plaintiff agreed by letter to answer questions, Plaintiff displayed the same unmanageable behavior. Again, the parties telephoned Judge Netburn, who again explained to Plaintiff his need to answer questions. Plaintiff spoke over Judge Netburn's instructions and guidance, and she eventually adjourned the deposition with no intent to reschedule it, stating that the case would proceed without Plaintiff presenting his story under oath.

Although Plaintiff may have made the motions under Rule 30(d), he had no grounds to do so since the deposition was not being conducted in bad faith or in a manner that unreasonably annoyed, embarrassed, or oppressed him. To the contrary, Plaintiff's refusal to be sworn in and to answer questions was grounds for sanctions, including dismissal of the case. *See* Fed. R. Civ. P. 37(b), 41(b).

In his Objections, Plaintiff cites the Privacy Act of 1974, 5 U.S.C. § 552(a), for the proposition that his privacy should be protected, and objects to Judge Netburn calling this "property" "fictitious." Presumably, Plaintiff refers to his demand at his second deposition to be shown "an enactment clause" for the United States Codes, which Judge Netburn called "fictitious." While acts passed by Congress may have an "enacting clause" that declares the act's authority, that fact has no bearing on Plaintiff's case or Judge Netburn's ruling. *See* 1

U.S.C. § 101 ("The enacting clause of all Acts of Congress shall be in the following form: 'Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled.'"). Further, the Privacy Act of 1974, which Plaintiff cites in his objections, is irrelevant to Plaintiff's case.

Plaintiff next objects that during his second scheduled deposition, Officer Wolpinsky, the guard supervising his deposition, interfered with him in a threatening manner. However, the deposition transcript shows that Plaintiff was being obstreperous, not Officer Wolpinsky. Plaintiff's objections then devolve into conclusory attacks on defense counsel, that the New York City Law Department failed to comply and move the case forward "because they feel they are entitled to some ideal of Royal Treatment;" that Defendants request Plaintiff to swear in under oath yet they do not feel they need to swear in under oath (although any answers pursuant to written deposition questions under Rule 31 would be required to be under oath); that by forcing Plaintiff to swear under oath "they are trying to force contract" and "We cannot contract and We cannot swear to a fictitious god." These general objections are not specific, not grounded in reason and are not further addressed here.

## IV.   CONCLUSION

The Report is ADOPTED in its entirety as the decision of the Court. Defendants' motion to dismiss is DENIED as to Rule 37(d) but GRANTED as to Rules 37(b) and 41(b). The case is DISMISSED with prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to close this case and mail a copy of this Opinion and Order to Plaintiff at the following address:

Dennis Watkins
12-A-3635
Five Points Correctional Facility
State Route 96, P.O. Box 119
Romulus, NY 14541

SO ORDERED.

Dated: June 14, 2015
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**